```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```
HAMPTONS LOCATIONS, INC. and NANCY
GRIGOR,

                Plaintiffs,                        **MEMORANDUM OF DECISION
AND ORDER**

  -against-                                      01-CV-5477 (DRH)(WDW)

RICHARD RUBENS, BARBARA RUBENS, and
DARRELL RUBENS, each individually and
doing business as HAMPTON LOCATIONS,

                Defendants.
```
----------------------------------------------------------------X
```
**APPEARANCES:**

**PATRICIA WEISS, ESQ.**
Attorney for Plaintiffs
P.O. Box 751
Sag Harbor Shopping Cove
Main Street - Suite 12
Sag Harbor, New York 11963-0019

**MICHAEL B. RONEMUS, ESQ.**
Ronemus & Vilensky
Attorney for Defendants
112 Madison Avenue
New York, New York 10016

**HURLEY, District Judge**:

        Plaintiffs Hamptons Locations, Inc. and Nancy Grigor ("Grigor") (collectively, "Plaintiffs") filed the present action against defendants Richard Rubens ("Richard"), Barbara Rubens ("Barbara"), and Darrell Rubens ("Darrell") (collectively, "Defendants") claiming damages arising out of Defendants' use of an allegedly infringing website. By Memorandum of Decision and Order dated September 30, 2005 (the "September 30, 2005 Order"), the Court granted Barbara's and Richard's motion for summary judgment and denied Darrell's motion for summary judgment. Both Plaintiffs and Darrell have moved for reargument. For the reasons

that follow, Darrell's motion for reargument is denied; Plaintiff's motion for reargument is granted. Upon reconsideration, the Court adheres to its original ruling regarding Barbara and thus, summary judgment as to Barbara is granted. With respect to Richard, however, upon reconsideration, summary judgment is denied.

## *BACKGROUND*

The background of this case is set forth in the September 30, 2005 Order, familiarity with which is assumed. Thus, the Court will only state the facts necessary for disposition of the instant motion.

Grigor is the owner, President, and sole employee of plaintiff Hamptons Locations, Inc., a New York corporation. Since 1994, Hamptons Locations, Inc. has used the service mark and business name "Hamptons Locations" and the domain name "www.hamptonslocations.com."

On July 8, 1999, a company called "DSNY" registered the domain name "HamptonLocations.com." The only difference between this domain name and Plaintiffs' business name, i.e., Hamptons Locations, is the absence of the letter "s" between the words "Hampton" and "Location." Plaintiffs alleged that Defendants, through the name DSNY, caused the registration of this mark and then tried to sell the domain name back to Plaintiffs in violation of section 1125(d) of the Lanham Act, also known as the Anticybersquatting Consumer Protection Act ("ACPA"). Plaintiffs also charged Defendants with unfair competition.

In the September 30, 2005 Order, the Court found that there was no evidence in the record linking Barbara and Richard to DSNY and therefore dismissed Plaintiffs' ACPA claim against them. (Sept. 30, 2005 Order at 16.) As for Darrell, the Court found that

"[a]lthough the evidence linking Darrell to DSNY is marginal at best, the Court cannot state as a matter of law that no reasonable trier of fact could conclude that Darrell was sufficiently linked to DSNY so as subject him to liability under the ACPA." (*Id.*) Thus, Darrell's motion for summary judgment was denied as to Plaintiffs' ACPA claim.

With respect to Plaintiffs' claim for unfair competition, the Court found that there was no evidence that "Barbara or Richard were in any way involved in any use of the www.hamptonlocation.com site" and therefore dismissed Plaintiffs' claims of unfair competition as against Richard and Barbara. The unfair competition claim was sustained as to Darrell, however, based, inter alia, on evidence that he used this site.

## DISCUSSION

### I. Applicable Legal Standard for Reargument

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice &*

*Procedure* § 4478 at 790). Thus, a "party may not advance new facts, issues, or arguments not previously presented to the Court." *National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)).

## II.   Darrell's Motion for Reconsideration is Denied

Essentially, Darrell argues that the Court misapplied the law and the facts by according too much weight to Plaintiffs' evidence and either disregarding or not sufficiently considering Defendants' evidence. The Court disagrees.

Contrary to Darrell's contentions, the Court did not "rely" on the evidence submitted by Plaintiffs; it merely found that based on the record before it, a reasonable trier of fact could infer that Darrell used the allegedly infringing website and was involved in its registration. After reviewing Darrell's arguments made in support of the instant motion, the Court finds that they are a mere rehashing of the same arguments he made unsuccessfully in support of his motion for summary judgment. Having failed to show that the Court overlooked something, made a clear error or committed a manifest injustice, Darrell's motion for reargument is denied.

## III.   Plaintiffs' Motion for Reargument is Granted

Plaintiffs argue that the Court overlooked evidence that defeats Defendants' summary judgment motion. Specifically, Plaintiffs point to a letter written by Richard to Grigor and her husband, dated July 21, 2000, in which Richard states:

> I own the internet site Hampton Locations, this site is used for *my* Hampton Location, which, as you or anybody else knows, features *only* my home and my architectural and interior design service. My home has been referred to by countless people as a Hampton

> Location since 1983 and I will not capitulate to extortion or other
> threats to make me give up the site. Furthermore, I withdraw my
> offer to sell you the site.

(Pls.' Mem. in Supp. of Recons., Ex. 5 (emphasis in original).) Although this letter was attached to Defendants' motion for summary judgment as Exhibit D, Plaintiffs made no mention of it in their opposition papers. The Court is not required to scour the record or the parties' various submissions to piece together appropriate arguments. *Cf. Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994) (noting that party contesting summary judgment has duty "to highlight which factual averments are in conflict as well as what record evidence there is to confirm the dispute"). Nonetheless, given that this letter was part of the record on Defendants' motion for summary judgment, this letter was arguably overlooked by the Court in making its prior determination. Accordingly, to prevent manifest injustice, the Court grants reargument to consider it. Upon reconsideration, the Court finds that given Richard's admission that he owns the website at issue and uses it for his home, the Court's prior finding that there is no evidence linking Richard to the use of this site was in error. Moreover, based upon Richard's statement that he owns the website, a reasonable trier of fact could certainly infer that Richard was DSNY's "authorized licensee" so as to subject him to liability under the ACPA. Accordingly, the Court holds that upon reconsideration, Richard's motion for summary judgment as to Plaintiffs' ACPA and unfair competition claims is denied.[1]

---

[1] In support of their motion for reconsideration, Plaintiffs also submitted several new documents which may imply that Richard was the real registrant and that DSNY was merely a code name used by Richard to conceal his involvement. It is well-established, however, that a motion for reconsideration may not be used as a vehicle to introduce new evidence that could have been presented to the Court in the first instance. *See, e.g.*, *National Union Fire Ins.*, 265 F.3d at 115. Moreover, contrary to Plaintiffs' contentions, Defendants first raised the issue of DSNY's registration of the website in their moving papers on the summary judgment motion.

With respect to Barbara, Plaintiffs argue that because Barbara actually owned the home referenced in the July 21, 2000 letter, Richard's reference to use of the allegedly infringing website for that Southhampton location was impliedly also a use by Barbara, who resided there with Richard. (Pls.' Mem. in Supp. of Recons. at 7.) The Court finds Richard's statement in this regard insufficient to create a genuine issue of material fact as to Barbara's use of the domain name and her involvement with DSNY. Accordingly, upon reconsideration, the Court adheres to its original ruling and summary judgment is granted as to Barbara.

## CONCLUSION

For the foregoing reasons, Darrell Rubens' motion for reargument is **DENIED** and Plaintiffs' motion for reargument is **GRANTED**. Upon reconsideration, Richard Rubens' motion for summary judgment is **DENIED**; Barbara Rubens' motion for summary judgment remains granted. The parties are directed to appear before the Court on June 23, 2006 at 2:00 p.m in Courtroom 930 for a final status conference. At that time, the Court will schedule a date for trial.

**SO ORDERED.**

Dated: Central Islip, N.Y.
      May 25, 2006

/s
Denis R. Hurley, U.S.D.J.

---

Although this issue was further supplemented by Defendants in their reply papers, it is disingenuous for Plaintiffs to imply that it was first raised therein. In any event, to the extent Defendants presented supplemental affidavits on this issue in their reply papers, it was within the Court's discretion to consider it. *See Bayway Refining Co. v. Oxygenated Mktg. and Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000). Accordingly, the Court's granting of reargument is based solely upon the July 21, 2000 letter referenced above.