UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HAMPTONS LOCATIONS, INC. and NANCY
GRIGOR,

               Plaintiffs,                  **MEMORANDUM AND ORDER**
                                                            01-CV-5477 (DRH)(WDW)

   -against-

RICHARD RUBENS, BARBARA RUBENS, and
DARRELL RUBENS, each individually and
doing business as HAMPTON LOCATIONS,

               Defendants.
----------------------------------------------------------------X

**APPEARANCES:**

**PATRICIA WEISS, ESQ.**
Attorney for Plaintiffs
P.O. Box 751
Sag Harbor Shopping Cove
Main Street - Suite 12
Sag Harbor, New York 11963-0019

**MICHAEL B. RONEMUS, ESQ.**
Ronemus & Vilensky
Attorney for Defendants
112 Madison Avenue
New York, New York 10016

**HURLEY, Senior District Judge**:

        Following a jury trial in this matter, both plaintiffs and defendants filed requests to tax costs, which were assessed by the Clerk in plaintiffs' favor on July 8, 2010. Presently pending before the Court are the motions by both sides objecting to the Clerk's taxation of costs. For the reasons that follow, both motions are denied in part and granted in part.

## *BACKGROUND*

        The Court assumes familiarity with the facts and procedural background as stated in the Court's many prior decisions in this action. Thus, the Court states only those facts

necessary for disposition of the instant motion.

Plaintiffs Hamptons Locations, Inc. and Nancy Grigor ("Grigor") (collectively, "Plaintiffs") filed the present action against defendants Richard Rubens ("Richard"), Barbara Rubens ("Barbara"), and Darrell Rubens ("Darrell") (collectively, "Defendants") claiming damages arising out of Defendants' use of an allegedly infringing website. The Complaint asserted five causes of action against each of the three Defendants.

After, inter alia, a motion by Defendants to dismiss the Complaint, a motion by Plaintiffs to dismiss counterclaims, two summary judgment motions, and one motion for reconsideration, all claims against Barbara, as well as Defendants' counterclaims, were dismissed. In addition, three claims each as against Richard and Darrell were dismissed.

Thereafter, the case proceeded to trial against Richard and Darrell on two causes of action, viz. violations of the Lanham Act, 15 U.S.C. § 1125, and unfair competition. On January 29, 2007, the jury returned a verdict for $1,000.00 in favor of Plaintiffs against Darrell on Plaintiffs' first cause of action for a violation of section 1125(d) of the Lanham Act, 15 U.S.C. § 1125(d), also known as the Anticybersquatting Consumer Protection Act. Richard was found not liable on all counts.

After the trial, Darrell moved to set aside the jury verdict pursuant to Federal Rule of Civil Procedure ("Rule") 50(b). Both sides also moved for attorneys' fees and taxation of costs. By Memorandum and Order dated June 2, 2009, Darrell's motion to set aside the verdict was denied. The parties' motions for attorneys' fees were referred to Magistrate Judge Wall.

Darrell then filed an appeal of the jury verdict. Defendants also filed an appeal of this Court's Order dismissing their counterclaims. The parties' motions for fees and costs were

held in abeyance pending the appeal.

By Summary Order filed February 5, 2010, the Second Circuit denied the appeals and affirmed the Orders of this Court. The Mandate was filed on June 22, 2010.

Thereafter, the Clerk conducted a telephone conference with counsel for both parties with regard to their requests to tax costs. Plaintiffs' motion requested taxation of the following costs: (1) the trial transcripts pursuant to Local Civil Rule 54.1(c)(1); (2) three depositions pursuant to Local Civil Rule 54.1(c)(2); (3) witness fees, mileage, and subsistence pursuant to Local Civil Rule 54.1(c)(3); (4) exemplification and copies of papers pursuant to Local Civil Rule 54.1(c)(5); and (5) the fee for filing this action pursuant to Local Civil Rule 54.1(c)(10). On July 8, 2010, the Clerk struck Plaintiffs' request for the costs of the trial transcripts and awarded costs to Plaintiffs against "defendants" in the following amounts: (1) $1,858.00 for the costs of the three depositions; (2) $510.00 for witness fees, mileage, and subsistence; (3) $260.50 for exemplification and copies of papers; (4) $150.00 for the filing fee; and (5) $185.63 for appellate costs taxed by the Circuit on appeal, for a total sum of $2,964.13. Both parties have filed motions to vacate certain portions of the Clerk's decision. For the reasons stated below, the parties' motions are granted in part and denied in part.

## DISCUSSION

Rule 54(d) generally governs the taxation of costs against an unsuccessful litigant in federal court. Rule 54(d)(1) provides in pertinent part as follows:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . .

Fed. R. Civ. P. 54(d)(1). The term "costs," as used in Rule 54 "includes only the specific items

enumerated in 28 U.S.C. § 1920." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001). Section 1920 provides six categories of expenses that may be taxed as costs in federal court: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and copies necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of interpreters and court-appointed experts. 28 U.S.C. § 1920. Local Civil Rule 54.1 expands on § 1920 and sets forth what costs are taxable in more detail.

Upon motion, the Court may review the Clerk's taxation of costs. Fed. R. Civ. P. 54(d)(1). "The decision to award costs pursuant to Rule 54(d)(1) and Local Rule 54.1 'rests within the sound discretion of the district court.'" *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (quoting *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995)). Thus, a district court "reviews the clerk's taxation of costs by exercising its own discretion to 'decide the cost question [it]self.'" *Whitfield*, 241 F.3d at 269 (quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)). However, an award of costs in favor of the prevailing party "'is the normal rule obtaining in civil litigation, not an exception.'" *Adkins v. Gen. Motors Acceptance Corp.*, 363 F. App'x 97, 99 (2d Cir. 2010) (unpublished) (quoting *Whitfield*, 241 F.3d at 270). Thus, the burden is on the losing party to show that costs should not be imposed. *Id.*

As noted above, following the trial, Plaintiffs moved the Clerk of Court to tax costs for: (1) the trial transcripts; (2) three depositions; (3) witness fees, mileage, and subsistence; (4) exemplification and copies of papers; and (5) the fee for filing this action. On July 8, 2010, the Clerk struck Plaintiffs' request for the costs of the trial transcripts but otherwise

granted Plaintiffs' requests.[1] The Court addresses the parties' objections to the Clerk's decision separately below.

## I. *Costs Should Be Taxed Against Darrell Only*

The Clerk's taxation of costs awarded costs "in favor of plaintiffs against "defendants." (ECF No. 266.) Defendants' first argument is that costs should be assessed against Darrell only. Plaintiffs agree, noting that the judgment was entered against Darrell alone. Accordingly, costs shall be taxed against Darrell and not Richard and Barbara.

## II. *Plaintiffs are Entitled to Prevailing Party Status*

Defendants' next argument is that Plaintiffs should not be afforded "prevailing party" status because Plaintiffs only prevailed on one cause of action against one defendant. More specifically, Defendants note that the Complaint asserted five causes of action against each of the three Defendants "for a total of 15 claims." (Defs.' Mem. of Law 3, July 12, 2010, ECF No. 268.) The Court granted summary judgment in Barbara's favor and dismissed three of the five claims against both Richard and Darrell. At trial, Richard was found not liable on all counts; Darrell was found liable on one claim only, viz. under § 1125(d) of the Lanham Act. Defendants argue that because they "won the dismissal of 14 of the 15 claims," Plaintiffs had only a "nominal, technical win." (*Id.* at 4.) Defendants also emphasize that Plaintiffs were "only awarded a nominal statutory judgment of the minimum allowable by law of $1,000.00." (*Id.* at 3.) Defendants ask the Court to vacate the taxation of costs award or, alternatively, "apportion the total allowable taxable costs by 1/15th." (*Id.* at 4.)

Plaintiffs counter that the Clerk was correct in finding Plaintiffs to be the

---

[1] The Clerk did reduce Plaintiffs' request for one of the witness fees.

"prevailing party." According to Plaintiffs, the Clerk "analogized this to a criminal case where a criminal defendant is convicted of a single charge even if he was acquitted of some of the charges." (Pls.' Letter 2, July 15, 2010, ECF No. 270.) Plaintiffs cite no authority for their position; Defendants cite two cases from the state of Florida.

The determination of whether a litigant is a "prevailing party" within the meaning of Rule 54(d) is a question of law to be decided by the court. *Dattner*, 458 F.3d at 100. "[F]or a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'" *Id.* at 101 (2d Cir. 2006) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001)). Examples include a judgment on the merits or a court-ordered consent decree. *See Damiano v. City of Amsterdam*, 341 F. App'x 720, 722 (2d Cir. 2009) (unpublished) (citing *Buckhannon*, 532 U.S. at 605). Under this analysis, "[f]or a plaintiff to be considered a 'prevailing party,' . . . he need not have succeeded on the central issue in the case and need not have obtain[ed] the primary relief sought." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 757 (2d Cir. 1998) (internal quotation marks and internal citations omitted). "It is sufficient that the plaintiff succeeded on any significant issue in [the] litigation, regardless of the magnitude of the relief obtained, if he received actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* (internal quotation marks and internal citations omitted). Under this standard, "a plaintiff who wins nominal damages is a prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). This is because "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of

money he otherwise would not pay." *Id.* at 113.

Here, Plaintiffs succeeded on their anticybersquatting claim against Darrell – certainly a significant issue in this litigation – and were awarded damages by the jury in the amount of $1000.00. Under these circumstances, the Court finds that Plaintiffs are entitled to "prevailing party" status. *See, e.g.*, *Baim v. Notto*, 316 F. Supp. 2d 113, 116 (N.D.N.Y. 2003) ("Though plaintiff had very limited success at trial, obtaining a favorable verdict against only one defendant on only one claim, he is still entitled to prevailing party status. . . . . Success on one of those claims, even if only against one defendant, is victory on a significant claim."); 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2667, at 212 (3d ed. 1998) (hereinafter "Wright & Miller") ("A party who is only partially successful also can be deemed a prevailing party. Consequently, a claimant who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.") The Court now turns to a discussion of whether Plaintiffs are in fact entitled to costs. *See LeBlanc-Sternberg*, 143 F.3d at 758 ("A plaintiff who has 'prevail[ed]' in the litigation has established only his eligibility for, not his entitlement to, an award of fees.").

### III. *Trial Transcripts*

Plaintiffs sought to recover $6,848.19 in trial transcript costs. According to Plaintiffs, the Clerk disallowed this cost because there was no court order directing the purchase of the trial transcript for use during trial.

#### A. *Applicable Standard*

28 U.S.C. § 1920 provides that the Court may tax the following: "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. §

1920(1). In addition, Local Civil Rule 54.1(c) provides that "[t]he cost of any part of the original trial transcript that was necessarily obtained for use in this court or on appeal is taxable." Local Civil Rule 54.1(c)(1).

"To assess the losing party with the premium cost of daily transcripts, necessity-beyond the mere convenience of counsel-must be shown." *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973); *see also Perks v. Town of Huntington*, 331 F. App'x 769, 770 (2d Cir. 2009) (unpublished) (citing *Galella*). "Use of the transcripts during trial does not *per se* establish that they were necessary . . . and mere convenience to counsel is insufficient to justify taxing the cost." *Natural Organics, Inc. v. Nutraceutical Corp.*, No. 01 Civ. 0384, 2009 WL 2424188, at *3 (S.D.N.Y. Aug. 6, 2009) (internal quotation marks and citations omitted). "On balance, courts have occasionally concluded that circumstances warranted the awarding of costs for a daily trial transcript, particularly upon consideration of factors including the amount of representation, the length of the trial, and the complexity of the issues in the case." *Id.* (citing *Galella*, 487 F.2d at 999).

**B.** *The Trial Transcripts were not Necessarily Obtained for Use in this Case*

Plaintiffs argue that "although there was no explicit 'order' directing that the parties buy the trial transcripts . . . [the parties] were strongly urged to do so by the Court." (Pls.' Letter 1-2, July 12, 2010, ECF No. 267.) In support of their position, Plaintiffs rely upon the following excerpts from the trial transcript:

> THE COURT: The second item is I'm a little concerned, and I wanted to get input from counsel on this, that the parties are not ordering the transcript here. I find when we don't have a transcript, it causes problems. It causes problems basically on two fronts.

Firstly, during summations, sometimes there's a dispute as to what the evidence is. I keep fairly good notes, so I'm not too concerned about that, and I'll have to rule on objections during the course of summations, of course.

But the more important problem, or the greater problem arises when the jury asks for a read-back. Absent the transcript in basically a hard copy form, it can be a very time-consuming process to isolate the testimony requested.

So what I would suggest, and I don't have the power to order the attorneys to do this, but what I think would probably be in everybody's best interest, is for the attorneys to order a copy of the daily transcript, and – or if you want to get it every other day, whatever, I don't really care, and then just divide the cost.

When all the dust settles, it's definitely the way to go, I think. But does anybody have any problem with that? Ms. Weiss?

MS. WEISS [PLAINTIFFS' COUNSEL]: I'll have to talk to my client and get sort of an estimate and see how long the trial is going. The jury won't be asking for a read-back until we are at that phase.

THE COURT: That's true.

MS. WEISS [PLAINTIFFS' COUNSEL]: Is the idea of ordering, for example, a daily for today –

THE COURT: I don't care if you get it every day, but the feeling is by the time this jury comes back, there should be a hard copy of the transcript; otherwise, a case that is already complicated, time-consuming and I'm sure very costly to the parties is going to be that much more time-consuming, complicated and costly to the parties, but you are going to check and I'll ask the defense to do the same.

Just let me know by the end of the day how you want to handle that.

MR. RONEMUS [DEFENDANTS' COUNSEL]: Judge, we are willing to split the price.

MS. WEISS [PLAINTIFFS' COUNSEL]: I may need until

Monday to get back to you on that, your Honor.

(Trial Tr. 142-44, Jan. 17, 2007.)

At the next court date, the following exchange took place.

THE COURT: Ms. Weiss, what did the plaintiff decide on the question of the transcript of the trial?

MS. WEISS [PLAINTIFFS' COUNSEL]: I have contacted our court reporter, and Mr. Ronemus [Defendants' counsel] and I have agreed to pay half the costs.

(Trial Tr. 341, Jan. 22, 2007.)

Based upon the above exchange, Plaintiffs maintain that they were "strongly urged" by the Court to purchase the trial transcripts. Plaintiffs do not claim, however, that they needed the trial transcripts for their own use. Moreover, as Plaintiffs themselves concede, the Court never ordered Plaintiffs to purchase the trial transcripts. In fact, the Court indicated, whether correctly or otherwise, that it did not have the authority to do so.[2]

In response to the Court's inquiries, Plaintiffs' counsel indicated that she would check with her client regarding costs. Thereafter, Plaintiffs' counsel stated that she had agreed to split the costs of the trial transcripts with Defendants' counsel. While the Court recognizes that counsel's agreement to split costs does not in and of itself constitute a waiver of counsel's right to recover their share, the Court finds that based upon the present circumstances –

---

[2] There is authority suggesting that, in fact, the Court could order the parties to purchase the trial transcripts. *See, e.g.*, *Liberty Theaters Inc. v. Becker*, 201 F.3d 431, 1999 WL 1070076, at *1 (2d Cir. 1999) (unpublished opinion) (finding that trial transcripts were "necessarily obtained" once trial court directed parties to order daily transcript); Wright & Miller, *supra*, § 2677, at 443 ("If the transcript is furnished upon the court's request, it normally is taxable even though Section 753(f) of the Judicial Code states that the judge may order the court reporter to furnish him with a stenographic trial transcript without charge.").

Plaintiffs have not demonstrated that they needed the transcripts and the Court did not order them to be procured – the trial transcripts were not "necessarily obtained for use in the case." 28 U.S.C. § 1920(1). Accordingly, Plaintiffs' request to tax the costs of the trial transcripts is denied.

**IV.** *Deposition Transcripts*

The Clerk taxed costs in Plaintiffs' favor for three depositions in the amount of $1,858.00. Defendants object to this cost.

As noted above, § 1920 provides that the Court may tax "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(1) Local Civil Rule 54.1 further specifies, in pertinent part, as follows:

> Unless otherwise ordered by the court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety. Costs for depositions are also taxable if they were used by the court in ruling on a motion for summary judgment or other dispositive substantive motion. Costs for depositions taken solely for discovery are not taxable.

Local Civil Rule 54.1(c)(2).

Defendants argue that that the three depositions at issue, viz. Barbara, Richard, and Jeffrey Winick (according to Defendants, the owner of Winick Realty Group which employs Darrell), were taken solely for discovery purposes and are therefore not taxable. More specifically, Defendants maintain that none of these depositions was submitted into evidence or used at trial or on motion. In support of this argument, Defendants emphasize that Barbara and Jeffrey Winnick were not witnesses at trial. Defendants also assert that Plaintiffs' costs should be denied because Plaintiffs failed to submit an affidavit, bills for the costs, and cancelled checks

in support of their application.

In response, Plaintiffs refer to the affidavit of Plaintiffs' counsel which was submitted in support of Plaintiffs' initial request to tax costs. In that affidavit, counsel states as follows:

> The depositions . . . were used by Plaintiffs and Plaintiffs['] counsel at the trial in connection with direct examination and preparing opening and closing arguments.

(Patricia Weiss Aff. ¶ 6, Feb. 28, 2007.) Thus, Plaintiffs are relying on the first sentence of Local Civil Rule 54.1(c)(2) which, as noted above, provides that depositions are taxable if "used" at trial. "The plain language of [this rule's] first sentence, providing that depositions are taxable if 'used or received in evidence at the trial,' suggests that the word 'use' extends well beyond explicit reliance on the deposition as a basis for decision." *Whitfield*, 241 F.3d at 271. Indeed, it is now well-established that a deponent's testimony at trial "alone is sufficient to end the inquiry as to whether their depositions were 'used' at the trial." *Perry v. Metropolitan Suburban Bus Auth.*, 236 F.R.D. 110, 112 (E.D.N.Y. 2006). Accordingly, the Court finds that the cost of Richard's deposition, who was a witness at trial, is taxable.

Moreover, the costs of depositions not used at trial are still taxable under 28 U.S.C. § 1920(2) where they "appear to have been reasonably necessary to the litigation at the time they were taken." *Malloy v. City of N.Y.*, No. 98-CV-5823, 2000 WL 863464, at *2 (E.D.N.Y. June 23, 2000) (internal quotation marks and citations omitted). *See also Farberware Licensing Co. LLC v. Meyer Mkt Co., Ltd.*, No. 09 Civ. 2570, 2009 WL 5173787, at *5 (S.D.N.Y. Dec. 30, 2009) (collecting cases for same proposition). Accordingly, "'the proper inquiry is whether, at the time the deposition was taken, it appeared to be reasonably

necessary.'" *Farberware*, 2009 WL 5173787, at *5 (quoting *Anderson v. City of N.Y.*, 132 F. Supp. 2d 239, 246 (S.D.N.Y. 2001). "However, depositions taken 'solely for discovery' or for the convenience of counsel are not taxable." *Id.* (citing *Natural Organics*, 2009 WL 2424188, at *5.

Here, given the nature of the claims against Defendants, it seems fair to find that at the time of Barbara's deposition, Plaintiffs reasonably expected that the transcript would be used at trial, given that Barbara was a defendant in this action and Darrell's mother. However, there is nothing to indicate that the same could be said of Jeffrey Winick and Plaintiffs proffer no explanation as to why that would be the case. Accordingly, the Court finds that Barbara's deposition costs are taxable; Mr. Winick's are not. Subtracting the costs of Mr. Winick's deposition ($140.00) from the total amount requested ($1858.00), Plaintiffs are entitled to $1718.00 in costs.

Finally, the Court rejects Defendants' argument that Plaintiffs' claim should be disallowed because Plaintiffs failed to file: (1) an affidavit that the costs claimed are allowable by law; (2) bills for the costs claimed; and (3) cancelled checks as exhibits. Local Civil Rule 54.1 provides in pertinent part that "[t]he bill of costs shall include in affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred. Bills for the costs claimed shall be attached as exhibits." Local Civil Rule 54.1(a). In Plaintiffs' initial application to tax costs, Plaintiffs submitted an affidavit of Plaintiffs' counsel along with a bill from the company that transcribed the depositions. On the bill are handwritten notations indicating that the bill was paid for "by client" with the dates and numbers of three corresponding checks. (Patricia Weiss Aff., Feb. 28, 2007.) Pursuant to the plain language of

-13-

Local Civil Rule 54.1, which only requires that the party requesting fees submit an affidavit and bills for costs, the Court finds that the documents submitted by Plaintiffs, including Plaintiffs' counsel's sworn statement that she retained this company to transcribe the depositions, are sufficient.[3]

## V. *Other Documents*

Defendants object to Plaintiffs' request to tax costs for two documents which Plaintiffs contend were searched for, certified, and admitted into evidence. These documents are a certified copy of the Certificate of Incorporation of Decorators Services of New York, Inc. and a certified copy of the Certificate of Service Mark for Plaintiffs' domain name.

28 U.S.C. § 1920(4) allows for the taxation of "[f]ees for exemplification and the costs of making any copies where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Local Civil Rule 54.1(c)(5) further elaborates as follows: "The fees for a search and certification or proof of the non-existence of a document in a public office is taxable." Local Civil Rule 54.1(c)(5).

Defendants contend that costs for these items should be disallowed because these documents were not necessarily obtained for use in the case. The Court disagrees. The Certificate of Incorporation of Decorators Services of New York, Inc., the registrant of the allegedly infringing domain name, was certainly relevant and necessary to Plaintiffs' case, as indicated in this Court's September 30, 2005 Memorandum of Decision and Order. (*See* Mem. of Decision and Order 16-17, Sept. 20, 2005 ("Although the Court is dismayed, to say the least,

---

[3] Apparently, an older version of Local Civil Rule 54.1 contained a reference to "canceled checks." *LaBounty v. Rivera*, No. 95 CIV 2617, 2000 WL 218391, at *2 (S.D.N.Y. Feb. 23, 2000). This is no longer the case. *See* Local Civil Rule 54.1.

at Plaintiffs' failure to elicit evidence as to the identity of DSNY and Darrell's relationship therewith, based on the evidence the Court does have, the Court is constrained to conclude that a reasonable trier of fact could circumstantially infer that Darrell was DSNY's "authorized licensee.").) Although Defendants may be correct that Plaintiffs could have elicited this document through discovery, that does not change the fact that this document was necessary to Plaintiffs' case. In addition, the Court rejects Defendants' argument that a certified copy of title for registration of Plaintiffs' domain name was not necessary.

Accordingly, the Court concludes that Plaintiffs are entitled to tax costs for these two documents.

## VI. *Witness Fees*

Defendants' last objection is that Plaintiffs' request for witness fees should be disallowed. 28 U.S.C. § 1920(3) provides that "[f]ees and disbursements for . . . witnesses" are taxable. 28 U.S.C. §1920(3). In addition, Local Civil Rule 54.1(c)(3) provides that "[w]itness fees and mileage . . . are taxable if the witness testifies." Local Civil Rule 54.1(c)(3). Defendants conclusorily maintain that Plaintiffs' witness fees should be disallowed because Plaintiffs "had full knowledge that the[ witnesses'] testimony [wa]s false and misleading." (Defs.' Mem. of Law 7, July 12, 2010.) Defendants proffer two examples. First, Defendants assert that Michael Griffith's testimony was "countered" by the admission into evidence of a tape recording that Plaintiffs and their counsel were aware of in the early stages of this action. (*Id.*) Second, Defendants argue that Kristen Piechocki gave testimony which she later rescinded. Defendants' argument has no merit. Defendants have failed to proffer any authority, and the Court is unaware of any that exists, for the proposition that recovery of witness fees is dependent

upon the veracity of the witnesses' testimony.  Moreover, there is nothing in the record to indicate that Plaintiffs acted in bad faith.  Accordingly, Plaintiffs' request to tax witness fees is granted.

## CONCLUSION

For the foregoing reasons, the parties' motions are denied in part and granted in part.  Plaintiffs' request to recover the costs of the trial transcripts is DENIED.  Defendants' request to vacate the Clerk's taxation of deposition costs is GRANTED IN PART as to the deposition of Jeffrey Winick only.  Defendants' request to vacate the Clerk's taxation of costs for witness fees and documents is DENIED.

Costs are hereby taxed in favor of Plaintiffs as against defendant Darrell Rubens in the amount of $2,824.13 as follows:

| | |
|---|---|
| Depositions | $1718.00 |
| Witness Fees | $ 510.00 |
| Exemplification | $260.50 |
| Filing Fee | $150.00 |
| Appellate Costs | $185.63[4] |

**SO ORDERED.**

Dated: Central Islip, N.Y.
      September 2, 2010

/s
Denis R. Hurley, U.S.D.J.

---

[4] The parties' motions for attorneys' fees, which were referred to Magistrate Judge Wall, will be addressed via separate order.